George Swan ARLOW, Plaintiff— Appellant,

v.

**CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., Defendants—Appellees.**

No. 04–15814.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 22, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

250

George Swan Arlow, Richmond, CA, pro se.

Before: FERNANDEZ, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM **

Former California state prisoner George Swan Arlow appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that he was denied medical care and retaliated against for filing grievances. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim under the screening provisions of 28 U.S.C. § 1915A, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir.2000), and we review for abuse of discretion the denial of leave to amend, *Lopez v. Smith*,

203 F.3d 1122, 1130 (9th Cir.2000) (en banc). We affirm.

The district court dismissed Arlow's original complaint with leave to amend. The court instructed Arlow to set forth his claims concisely and explained what was required to state a claim under the Eighth Amendment.

Arlow then filed an amended complaint that was both lengthy and conclusory. The district court properly dismissed the amended complaint because Arlow failed to allege sufficient facts to demonstrate that any defendants acted with deliberate indifference to his serious medical needs or retaliated against him for filing grievances. Arlow's conclusory allegations were insufficient. *See Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992).

Because the district court had already allowed Arlow an opportunity to cure the deficiencies in his original complaint and had provided specific instructions on appropriate pleading, we cannot say that the district court abused its discretion by dismissing Arlow's amended complaint without granting leave to amend.

Arlow's remaining contentions are unpersuasive.

**AFFIRMED**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.